UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KELLY GUERRERO,<br><br>              Plaintiff(s),<br><br>vs.<br><br>VINCENT NEIL WHARTON,<br><br>              Defendant(s). | Case No. 2:16-cv-01667-GMN-NJK<br><br>ORDER<br><br>(Docket Nos. 7, 9) |

       Pending before the Court is a motion to quash and to dismiss for improper service of process. Docket No. 7, 9. Plaintiff filed a response in opposition, and Defendant filed a reply. Docket Nos. 10 (sealed), 13, 14. The Court finds the motions properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to quash is **GRANTED** and the motion to dismiss is **DENIED**.

       A Rule 12(b)(5) motion is the proper vehicle for challenging the "insufficiency of service of process." See Fed. R. Civ. P. 12(b)(5). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir.1988). Once service is challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

       District courts have broad discretion to either dismiss an action entirely for failure to effect service or to quash the defective service and permit re-service. *See, e.g., SHJ v. Issaquah School District*

*No. 411,* 470 F.3d 1288, 1293 (9th Cir.2006).  The Ninth Circuit has emphasized the public policy favoring disposition of cases on their merits.  *See, e.g.*, *Pagalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  When there remains a chance that service can be accomplished and the defendant has not been prejudiced, courts generally quash service rather than dismissing the case.  *See, e.g.*, *Hickory Travel Sys., Inc. v. TUI AG*, 213 F.R.D. 547, 553 (N.D. Cal. 2003) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).

Plaintiff relies in this case on the service purportedly effectuated on Defendant in New Hampshire.  *See* Docket No. 6-1.  Defendant argues that this attempted service did not meet the requirements established by either Nevada or New Hampshire law.  *See* Docket No. 7 at 2-4.  In response, Plaintiff concedes that she cannot meet her burden of establishing sufficiency of process.  Docket No. 10 at 3.  As such, the motion to quash is granted.

The remaining question is whether the Court should also dismiss the case.  As Defendant acknowledges in reply, the time period to complete service established by Rule 4(m) has not yet run.  *See* Docket No. 14 at 2 (asserting that the deadline to complete service is October 12, 2016).  As a result, Defendant seeks an advisory order that "this case should be dismissed unless Plaintiff serves Neil within the allotted 90-day period."  *See id.*  The Court declines to make such a ruling.  Plaintiff shall continue attempting service.  To the extent Plaintiff is unable to do so by the current deadline, the parties may seek further relief from the Court.  As such, the motion to dismiss is denied without prejudice.

IT IS SO ORDERED.

DATED: September 29, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge