1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10

| | |
|---|---|
| KELLY GUERRERO,                                         ) | Case No. 2:16-cv-01667-GMN-NJK |
|                               Plaintiff(s),             ) | ORDER |
| v.                                                      ) | (Docket No. 51) |
| VINCENT NEIL WHARTON,                                   ) | |
|                               Defendant(s).             ) | |

11
12
13
14
15

16          Pending before the Court is Defendant's motion to compel.  Docket No. 51.  For the reasons

17   discussed more fully below, the motion is hereby **DENIED** without prejudice.

18          "Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*,

19   116 F.R.D. 196, 203 (E.D. Tenn. 1986).  Counsel should strive to be cooperative, practical and sensible,

20   and should seek judicial intervention "only in extraordinary situations that implicate truly significant

21   interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).  A threshold

22   issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the

23   dispute without court intervention.  *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D.

24   Nev. 2015).  Federal Rule of Civil Procedure 37(a)(1) requires that the party bringing a motion to

25   compel discovery must "include a certification that the movant has in good faith conferred or attempted

26   to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without

27   court action."  The Local Rules further expound on this requirement, providing that discovery motions

28   will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before

filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request."  Local Rule 26-7(c).

Judges in this District have held that these rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).  The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*.  This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*.  To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1]  Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g.*, *Cardoza*, 141 F. Supp. 3d at 1145.

Defendant's motion to compel lacks certification of a sufficient pre-filing conference.  While the parties discussed the disputed objections during Plaintiff's deposition, they did not address the issues with the same level of detail and legal support as they would during briefing a discovery motion. *See Nevada Power*, 151 F.R.D. at 120.  Indeed, counsel presented one another with no legal authority to support their positions during that exchange.

//

//

//

---

[1] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

Accordingly, the motion to compel is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: January 22, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge