# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KELLY GUERRERO,

    Plaintiff(s),

v.

VINCENT NEIL WHARTON,

    Defendant(s).

Case No. 2:16-cv-01667-GMN-NJK

ORDER

(Docket No. 73)

Pending before the Court is Plaintiff's motion to seal. Docket No. 73; *see also* Docket Nos. 68-1, 68-2, and 68-3 (sealed exhibits). The motion is woefully deficient, and is therefore **DENIED** without prejudice. The Clerk's Office is **INSTRUCTED** to keep Docket Nos. 68-1, 68-2, and 68-3 sealed for the time-being. The Court will afford one final opportunity for Plaintiff to file a motion that complies with the local rules and meets the standards articulated by the Ninth Circuit. Such motion shall be filed by March 28, 2018. In that motion, Plaintiff's counsel shall certify that he has read in its entirety *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). The motion must also be filed in compliance with the following guidance.[1]

First, motions must be filed with points and authorities, Local Rule 7-2(a), and must be supported by meaningfully developed argument, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev.

---

[1] Failure to file a motion in compliance with this order may result in the imposition of sanctions. *See, e.g.*, Fed. R. Civ. P. 16(f).

2013). The instant motion provides no legal authority of any kind, and makes only bald statements that Plaintiff's privacy interests are implicated in one of the exhibits at issue. Such submission plainly fails to show that secrecy of the information at issue is appropriate. *See Kamakana*, 447 F.3d at 1180 (the "good cause" standard requires a "particularized showing" that the material should be kept secret).

Second, the motion must address all three of the exhibits for which Plaintiff has sought secrecy (Docket Nos. 68-1, 68-2, and 68-3). The instant motion fails to address either Docket No. 68-1 or 68-2. Failure to provide specific, articulated reasons for secrecy with respect to any particular exhibit will result in its public disclosure.

Third, <u>the motion must propose redactions</u> rather than seeking sealing of the entire exhibits at issue. Any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *E.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)).[2] As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material"). The instant motion seeks to seal the entirety of Docket No. 68-3 even though good cause for secrecy is obviously lacking for parts of that exhibit, including Dr. Etcoff's qualifications and Plaintiff's description of the subject incident. *See* Docket No. 68-3 at 1-5.[3]

Fourth, the Court cannot shield from the public information that has already been disclosed publicly. *See, e.g.*, *Ashcraft v. Welk Resort Group*, 2017 WL 4038397, at *2 n.2 (D. Nev. Sept. 13, 2017). The instant motion seeks to seal information that appears to have already been publicly revealed, such as Plaintiff's family history. *Compare* Docket No. 68-3 at 9-10 *with* Docket No. 56 at 4-5.

---

[2] Any renewed motion must specifically articulate grounds for secrecy <u>for each proposed redaction</u>.

[3] The Court does not attempt to catalogue herein all of the information within the exhibit for which good cause is obviously lacking, but simply provides a few examples.

In short, the pending motion to seal is **DENIED** without prejudice. The Clerk's Office is **INSTRUCTED** to keep Docket Nos. 68-1, 68-2, and 68-3 sealed for the time-being. A renewed motion shall be filed by March 28, 2018, in accordance with the instructions above. In that motion, Plaintiff's counsel shall certify that he has read in its entirety *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). No further opportunities will be provided to keep any portion of the above exhibits secret.

IT IS SO ORDERED.

DATED: March 21, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge