1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11
12
13
14
15

KELLY GUERRERO,

      Plaintiff(s),

v.

VINCENT NEIL WHARTON,

      Defendant(s).

Case No.: 2:16-cv-01667-GMN-NJK

**Order**

[Docket No. 127]

16      Plaintiff brought this lawsuit three years ago to resolve her claims against Defendant for,
17 *inter alia*, assault and battery. *See* Docket No. 1. A jury trial is set for November 18, 2019. Docket
18 No. 124.

19      The United States Supreme Court has stated repeatedly that fee disputes should not become
20 a "second major litigation." *E.g.*, *Kirtsaeng v. John Wiley & Sons, Inc.*, ___ U.S. ____, 136 S.Ct.
21 1979, 1988 (2016) (quoting *Flight Attendants v. Zipes*, 491 U.S. 754, 766 (1989) and *Hensley v.*
22 *Eckerhart*, 461 U.S. 424, 437 (1983)). Upon the withdrawal from this case of Defendant's first
23 attorney (James Kohl), the Court's ancillary jurisdiction was invoked to resolve a fee dispute
24 between Mr. Kohl and Defendant pursuant to an attorney lien allowed by state law. *See* Docket
25 No. 131 (adopting report and recommendation resolving motion to foreclose on attorney lien); *see*
26 *also* Docket No. 132 (judgment on fees and costs). That fee dispute returns to the Court again

27
28

1

through the filing by Defendant's most recent attorney[1] of a motion to compel production of Defendant's files from Mr. Kohl. Docket No. 127.[2] A response was filed, along with a supplement. Docket Nos. 134, 137. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

The nub of the instant motion is whether the time is ripe for Mr. Kohl to turn over to Defendant the litigation files he has retained as part of his attorney lien. The governing statute provides in pertinent part as follows:

> A lien pursuant to . . . Paragraph (b) of subsection 1 attaches to any file or other property properly left in the possession of the attorney by his or her client, including, without limitation, copies of the attorney's file if the original documents received from the client have been returned to the client, and authorizes the attorney to retain any such file or property <u>until such time as an adjudication is made pursuant to subsection 6</u> . . .

N.R.S. 18.015(4) (emphasis added). The referenced subsection 6 then provides for the filing of a motion to "adjudicate the rights of the attorney, client or other parties and enforce the lien." N.R.S. 18.015(6). The statute allows for collection through any authorized means. N.R.S. 18.015(7).

This matter is a straightforward one. The Court has already adjudicated the rights of Mr. Kohl and Defendant with respect to the fees in dispute, resulting in the entry of a judgment for the fees owed. Docket No. 132. By the plain language of N.R.S. 18.015(4), Mr. Kohl is no longer entitled to withhold Defendant's litigation file in light of that adjudication. Instead, his recourse for nonpayment at this juncture is to pursue collection on the judgment through authorized means. *See* N.R.S. 18.015(7).

---

[1] Upon Mr. Kohl's withdrawal, Defendant attempted to retain attorney Scott Holper, but that retention was unsuccessful given issues with his ability to practice in this Court. *See* Docket No. 115. Defendant thereafter retained attorney Dean Gronemeier, Docket No. 117, but he was substituted out as counsel a few months later, Docket No. 129. Defendant has since been represented by attorney Dean Kajioka. *See id.* It is Mr. Kajioka who is attempting to obtain Defendant's file to prepare for trial. *See* Docket No. 127 at 3.

[2] A "Motion to Reduce [Fees]" is also pending. Docket No. 136. The Court expresses no opinion herein as to the merits of that motion.

The Court is unpersuaded by Mr. Kohl's arguments to the contrary. Relying almost exclusively on case law predating the implementation of the above statutory scheme in 2013,[3] Mr. Kohl argues that the Court must still "enforce the lien" by declining to order him to produce the litigation file because Defendant has not yet paid the fees deemed owed. *See* Docket No. 137 at 4-6.[4] The fundamental problem with this argument is that the governing statute does not allow for the retention of the file "until such time as an adjudication <u>and enforcement</u> is made pursuant to subsection 6." Instead, it states unambiguously that the file may be retained until an "<u>adjudication</u> is made pursuant to subsection 6." N.R.S. 18.015(4) (emphasis added).[5] The Court construes a statute by the plain meaning of its text, *e.g.*, *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004),[6] and an adjudication on the fee dispute has obviously happened here. To wit, Mr. Kohl's motion to foreclose on the lien has been resolved, judgment on fees has been entered, and collection remedies are available for that judgment. It is time for the file to be produced.

---

[3] The only subsequently-decided case cited by Mr. Kohl is *Fredianelli v. Fine Carman Price*, 402 P. 3d 1254, 1256 (Nev. 2017), which is cited for the proposition that the preceding case law remains viable with respect to "common-law retaining liens." *See* Docket No. 137 at 5. The instant lien is governed by statutory scheme, however, and is not governed by common law. *See* Docket No. 125 at 4.

[4] Mr. Kohl's proposed definition of "enforcement" is somewhat puzzling. *Cf. Fredianelli*, 402 P. 3d at 1256 (appearing to construe "enforce the lien" in N.R.S. 18.015(6) to include the act of a Court entering a monetary judgment). Nonetheless, the result is the same here regardless of how that term is defined because the triggering event in the statute for return of the file is adjudication, not enforcement.

[5] Subsection 6 separately identifies adjudications and enforcement. *See* N.R.S. 18.015(6). To the extent "enforcement" means something beyond entering a fee judgment and the Nevada legislature intended to allow for the withholding of a client file until that later event, it could have drafted subsection 4 to refer to enforcement. It chose not to do so.

[6] The text of the statute alone suffices to resolve this motion for the reasons stated herein. The Court also notes the potential for absurd results were Mr. Kohl's position to prevail. This is not a scenario in which an attorney lien is being litigated after resolution of the underlying matter and, instead, <u>trial is set to proceed in two months</u>. District courts possess broad discretion to control their dockets so that cases may be resolved justly, speedily, and inexpensively. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also* Fed. R. Civ. P. 1. The ability to advance to trial would be hindered were Mr. Kohl allowed to continue to refuse to produce the litigation file to Defendant notwithstanding entry of judgment on the fee dispute that can be collected on through other means. The Court does not read any provision of N.R.S. 18.015 as enabling the existence of a fee dispute between a party and a former attorney to derail the Court's inherent ability to advance the cases before it on the timetable that it has ordered.

Accordingly, the motion to compel production of Defendant's litigation file is **GRANTED**. That file must be produced by September 19, 2019. The Clerk's Office is **INSTRUCTED** to provide notice of this order to Mr. Kohl both through his email address (jak@h2law.com) and by mailing it to his physical address as stated on the docket.

IT IS SO ORDERED.

Dated: September 12, 2019

_____
Nancy J. Koppe
United States Magistrate Judge