# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KELLY GUERRERO,

    Plaintiff,

vs.

VINCE NEIL WHARTON,

    Defendant.

Case No.: 2:16-cv-01667-GMN-NJK

**ORDER**

Pending before the Court is Plaintiff Kelly Guerrero's ("Plaintiff") Motion in Limine to Enforce Pretrial Order, (ECF No. 146).[1] Defendant Vince Neil Wharton ("Defendant") filed a Response, (ECF No. 150).

Also pending before the Court is Defendant's Motion to Amend Pretrial Order, (ECF No. 151). Plaintiff did not file a response.

## I. BACKGROUND

Plaintiff brings this civil suit against Defendant for (1) assault and battery, and (2) intentional infliction of emotional distress. (*See* Am. Compl. ¶¶ 1, 12–20, ECF No. 18). On January 15, 2019, the firm of Howard & Howard was permitted to withdraw as counsel or record for Defendant. (Order, ECF No. 113). On February 15, 2019, a notice of appearance by a new attorney for Defendant, Dean Gronemeier, was filed with the Court. (Notice, ECF No. 117). On April 25, 2019, Plaintiff filed a Proposed Pretrial Order, (ECF No. 122). The Court accepted Plaintiff's Proposed Pretrial Order and entered the Court's Pretrial Order, (ECF No. 124), which currently governs this case. In June 2019, Judge Koppe entered an Order, (ECF No. 129), allowing attorney Dean Kajioka to substitute for Dean Gronemeier as counsel for

---

[1] Plaintiff also filed the Declaration of Dana Scruggs, (ECF No. 147), is support of her Motion in Limine, (ECF No. 146).

Defendant. On September 12, 2019, Judge Koppe granted Defendant's Motion to Compel, (ECF No. 127), and ordered the Defendant's litigation file be produced by September 19, 2019. (Order, ECF No. 139). Defendant's prior counsel, Howard & Howard, complied with Judge Koppe's Order, (ECF No. 139), and provided the file to Defendant. The parties' Motions, (ECF Nos. 146, 151), now follow.

## II. LEGAL STANDARD

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Federal Rule of Evidence ("FRE") 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing FRE 103(c)). In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41.

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine, the evidence must be inadmissible "on all potential grounds." *See, e.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential

prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

### III. <u>DISCUSSION</u>

In the Motion in Limine, Plaintiff argues that the Court's Pretrial Order, (ECF No. 124), should be enforced and no amendment should be allowed. (*See* Mot. in Lim. ("MIL") 1:22–2:2, ECF No. 146). Defendant's Motion, (ECF No. 151), on the other hand, contends that the Pretrial Order should be amended to prevent a miscarriage of justice. (Def.'s Mot. to Am. 3:10–11 ("Mot."), ECF No. 151).

Under Rule 16(e), "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e); *Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998) (superseded by statute on other grounds). "In evaluating a motion to amend a pretrial order a district court should consider four factors: (1) the degree of prejudice or surprise to the defendant[ ] if the order is modified; (2) the ability of defendant[ ] to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification." *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005) (citing *Byrd*, 137 F.3d at 1132). After considering these factors, if "the court determines that refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed." *United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981). "It is the moving party's burden to show that a review of these factors warrants a conclusion that manifest injustice would result if the pretrial order is not modified." *Byrd*, 137 F.3d at 1132 (citing *R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc.*, 835 F.2d 1306, 1308 (10th Cir. 1987)).

Here, Plaintiff's Motion in Limine, (ECF No. 146), seeks to enforce the Pretrial Order "by limiting the issues of fact and law to be tried, admitting into evidence Plaintiff's Exhibits to

which Defendant stipulated, prohibiting Defendant from introducing into evidence any exhibits or calling any witnesses not listed in the Pretrial Order, and establishing that Defendant has waived any objections to any evidence offered by Plaintiff[.]" (MIL 1:23–2:2). Plaintiff argues, *inter alia*, that Defendant "had the money to pay Howard & Howard's bills but simply chose not to do so. Whatever inadequacies Defendant Neil may claim the Court's Pretrial Order contains it was all his own doing." (*Id.* 5:23–25). Plaintiff further submits that "[Defendant] and his various attorneys have had since December 2018, when Howard & Howard first liened the file and made its Motion to Withdraw, to conduct an investigation to determine—at the very least—witnesses, legal theories, and essential evidence which could and should have been listed in the Pretrial Order if Defendant so desired." (*Id.* 5:18–22). Defendant's Response does not address these arguments. Defendant instead makes several contentions which he also makes in his subsequently filed Motion to Amend, (ECF No. 151).

Defendant's Motion explains that, "[u]nfortunately, it was just recently brought to the undersigned's attention during a conference call with [Plaintiff's attorney] Dana Scruggs, that Defendant did not list any witnesses or exhibits to the Pretrial Order while he was being represented by Mr. Gronemeier. Counsel offered no documents or witnesses for his defense. It appears Howard & Howard refused to provide Mr. Gronemeier with Defendant's file as well." (Mot. 2:4–11). The Motion also states that, "undersigned counsel has been newly retained to represent Defendant in this matter, and until the file was recently obtained from Defendant's former counsel Howard & Howard, the undersigned was not privy to the deadlines previously set by the Court and was unaware that the Pretrial Order was deficient and did not contain Defendant's witnesses and exhibits." (*Id.* 2:12–16).

Defendant's Motion does not provide an analysis of the relevant *Byrd* factors listed above and appears to employ the less stringent "good cause" standard. (*Id.* 5:27–28). Moreover, while the Court understands that Defendant's current counsel was not able to obtain

Defendant's litigation file until September 19, 2019, the file was not necessary in order to be apprised of the Court's deadlines. Counsel may review the docket and any pertinent Local Rules to learn what those deadlines are. *See, e.g.*, D. Nev. LR 26-1(b)(5) ("Unless the discovery plan otherwise provides and the court so orders, the deadline for the joint pretrial order is 30 days after the dispositive-motion deadline. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order"). Further, Defendant's Motion to Substitute Attorney, (ECF No. 126), was granted in June 2019, yet Defendant did not file the instant Motion until October 2019.

In addition, a review of Defendant's proposed pretrial order shows that it is substantially deficient. For example, under Section VI(e)(2) "Depositions," Defendant states: "Defendant has not had adequate time to completely review all of the deposition transcripts in this matter." (Proposed Pretrial Order at 16, ECF No. 151). Similarly, in Section VI(c)(1) "Plaintiff's Exhibits and Objections to them," Defendant writes: "None. Defendant has not had adequate time to completely review Plaintiff's exhibits." (*Id.* at 11). Moreover, in Section V, which addresses issues of fact to be determined at trial, the proposed pretrial order contains the same facts already contained in the Pretrial Order, (ECF No. 124), but adds: "Defendant has not had adequate time to completely prepare his issues of fact." (*Id.* at 3). Thus, even if the Court were inclined to amend the Pretrial Order, (ECF No. 124), Defendant's proposed pretrial order would have to be rejected as deficient.

In sum, "[i]t is the moving party's burden to show that a review of [*Byrd*] factors warrants a conclusion that manifest injustice would result if the pretrial order is not modified." *Byrd*, 137 F.3d at 1132 (citing *R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc.*, 835 F.2d 1306, 1308 (10th Cir. 1987)). For the foregoing reasons, Defendant has not carried this burden.

Accordingly, Defendant's Motion to Amend, (ECF No. 151), is denied and Plaintiff's Motion in Limine, (ECF No. 146), is granted.

**IV. CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine to Enforce Pretrial Order, (ECF No. 146), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Amend Pretrial Order, (ECF No. 151), is **DENIED**.

**DATED** this __4___ day of March, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court